United States District Court
For the Northern District of California

1

2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

5

6

7

EDJUAN C. SCOTT,

        Plaintiff,

vs.

DEPUTY COUNTY, et al.,

        Defendants.

_____/

No. C 11-04728 YGR (PR)

**ORDER OF SERVICE AND
DIRECTING PLAINTIFF TO SHOW
CAUSE REGARDING EXHAUSTION**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

Plaintiff, who is currently housed at the Martinez Detention Facility (MDF),[1] has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging various constitutional violations that occurred in 2010.  His motion for leave to proceed *in forma pauperis* (IFP) has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred at MDF, which is located in this judicial district.  *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: Contra Costa County Sheriff's Deputies County, Mayette, and Root, as well as Sergeant Haynes.[2]  Plaintiff seeks monetary damages.

## DISCUSSION

### I.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks

---

[1] Plaintiff's address on file is 2857 16th Street, San Pablo, California; however, the record shows that he is merely using an outside address for his mail.  As of October 13, 2011, Plaintiff filed an IFP application with a Certificate of Funds signed by a MDF jail official on October 13, 2011. To date, Plaintiff has not informed the Court that he has been released from MDF.  Therefore, the Court assumes Plaintiff is still being housed at MDF.

[2] In the section of his complaint labeled "Parties," Plaintiff spells Sergeant Haynes name as "Hayes."  (Compl. at 2.)  However, in the body of his complaint, he refers to a "Sergeant Haynes" as the person involved in his alleged claim of deliberate indifference.  (Id. at 8-14.)  Furthermore, while Plaintiff lists "Contra Costa County Sheriff['s] Department of Martinez Detention Facility" as "Defendant" in the caption of his complaint, he does not include this Defendant in the "Parties" section of the complaint.  Thus, the Court will not consider this Defendant as a named Defendant in this action.

United States District Court
For the Northern District of California

1  redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

2  § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that

3  are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

4  relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings

5  must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

6      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

7  (1) that a right secured by the Constitution or laws of the United States was violated, and

8  (2) that the alleged violation was committed by a person acting under the color of state law. *West v.*

9  *Atkins*, 487 U.S. 42, 48 (1988).

10  **II.    Deliberate Indifference Claim**

11      Deliberate indifference to serious medical needs violates the Eighth Amendment's

12  proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976);

13  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX*

14  *Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781

15  F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination

16  of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's

17  response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the

18  failure to treat a prisoner's condition could result in further significant injury or the "unnecessary

19  and wanton infliction of pain." *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104). A prison official is

20  deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and

21  disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825,

22  837 (1994).

23      A claim made by a pre-trial detainee, such as Plaintiff, for deliberate indifference to medical

24  needs derives from the due process clause rather than the Eighth Amendment's protection against

25  cruel and unusual punishment. *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)

26  (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).

27      Plaintiff's allegation that he suffers from a left shoulder injury stemming from a dislocation

28  on September 24, 2010, supports an inference that he has serious medical needs. Liberally

1    construed, Plaintiff's allegation that prison staff failed to provide adequate medical treatment for his

2    injury -- while he was housed there in 2010 -- states a cognizable deliberate indifference claim

3    against Defendants County and Haynes.  Accordingly, this claim may proceed against these

4    Defendants.

5    **III.**    **Order to Show Cause Regarding Exhaustion**

6          Plaintiff has also raised other claims in his complaint including: (1) false reports made by

7    Deputy T. Harris from the West County Detention Facility, which led to a disciplinary violation

8    filed against Plaintiff on November 26 , 2010; (2) an "inappropriate" search of Plaintiff on

9    December 30, 2010 by Defendant Mayette, after which Defendant Mayette and Deputy Lopes

10   proceeded to attack Plaintiff using excessive force and then failed to offer him medical treatment for

11   his injuries; (3) wrongful placement in administrative segregation for thirteen months stemming

12   from Plaintiff being "targeted" and "harassed" for being arrested on charges of "attempted murder

13   on officers"; and (4) verbal threats, mail tampering, and  retaliation by Deputy Dawson against

14   Plaintiff for filing a grievance against him on November 10, 2010.  However, in the section of the

15   complaint labeled, "Exhaustion of Administrative Remedies," Plaintiff only refers to the exhaustion

16   of his deliberate indifference claim.  He does not indicate that he exhausted his administrative

17   remedies as to the other claims in his complaint.  Thus, the Court directs Plaintiff to show cause

18   why the aforementioned claims should not be dismissed for failure to exhaust his administrative

19   remedies prior to filing this action and raising these claims.

20         The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996)

21   (PLRA) provides: "No action shall be brought with respect to prison conditions under [42 U.S.C.

22   § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

23   facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

24   Exhaustion is mandatory and not left to the discretion of the district court. *Woodford v. Ngo*, 548

25   U.S. 81, 84 (2006).  Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life,

26   whether such actions involve general conditions or particular episodes, whether they allege

27   excessive force or some other wrong, and even if they seek relief not available in grievance

28   proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  The exhaustion

United States District Court
For the Northern District of California

3

requirement requires "proper exhaustion" of all available administrative remedies. *Ngo*, 548 U.S. at 93. Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to "appeal and have resolved grievances" relating to their confinement.

Because exhaustion under Section 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The Court may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." *Id.* at 1120. Here, it is not clear from the face of the complaint whether Plaintiff exhausted his administrative remedies as to the aforementioned claims. Accordingly, the Court issues an order to Plaintiff to show cause as to why the aforementioned claims should not be dismissed for failure to exhaust his administrative remedies prior to filing this action. Plaintiff shall file a response to the order to show cause no later than **thirty (30) days** from the date this Order is filed. The Court notes if Plaintiff did not fully exhaust his administrative remedies as to the aforementioned claims prior to filing this action, these claims will be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff states a cognizable due process claim for deliberate indifference to serious medical needs against Defendants County and Haynes.

2.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to **Contra Costa County Sheriff's Deputy County as well as Sergeant Haynes**. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the Contra Costa County Counsel's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of

*United States District Court*
For the Northern District of California

4

Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **ninety (90) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to *pro se* plaintiffs facing a summary judgment motion:

The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are

United States District Court
For the Northern District of California

1  suing makes a motion for summary judgment that is properly supported by
   declarations (or other sworn testimony), you cannot simply rely on what your
2  complaint says.  Instead, you must set out specific facts in declarations, depositions,
   answers to interrogatories, or authenticated documents, as provided in Rule 56(e),
3  that contradict the facts shown in the defendant's declarations and documents and
   show that there is a genuine issue of material fact for trial.  If you do not submit your
4  own evidence in opposition, summary judgment, if appropriate, may be entered
   against you.  If summary judgment is granted [in favor of the defendants], your case
5  will be dismissed and there will be no trial.

6  *See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

7       Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex*

8  *Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with

9  evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is

10 cautioned that because he bears the burden of proving his allegations in this case, he must be

11 prepared to produce *evidence* in support of those allegations when he files his opposition to

12 Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and

13 other witnesses to the incident, and copies of documents authenticated by sworn declaration.

14 Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his

15 complaint.

16       c.       Defendants shall file a reply brief no later than **thirty (30) days** after the date

17 Plaintiff's opposition is filed.

18       d.       The motion shall be deemed submitted as of the date the reply brief is due.

19 No hearing will be held on the motion unless the Court so orders at a later date.

20       5.       Discovery may be taken in this action in accordance with the Federal Rules of Civil

21 Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose

22 Plaintiff and any other necessary witnesses confined in prison.

23       6.       All communications by Plaintiff with the Court must be served on Defendants, or

24 Defendants' counsel once counsel has been designated, by mailing a true copy of the document to

25 Defendants or Defendants' counsel.

26       7.       It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

27 informed of any change of address and must comply with the Court's orders in a timely fashion.

28 Failure to do so may result in the dismissal of this action for failure to prosecute, pursuant to Federal

United States District Court
For the Northern District of California

6

1   Rule of Civil Procedure 41(b).

2   　　　8.　　　Extensions of time are not favored, though reasonable extensions will be granted.

3   Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the

4   deadline sought to be extended.

5   　　　9.　　　Plaintiff is directed to show cause why his other claims (listed above in Discussion

6   Section III) should not be dismissed for failure to exhaust his administrative remedies prior to filing

7   this action.  Plaintiff shall file a written response to the order to show cause no later than **thirty (30)**

8   **days** of the date this Order is filed.  **Failure to comply with this Order within the deadline**

9   **provided will result in the dismissal of his other claims (not including his deliberate**

10  **indifference claim against Defendants County and Haynes) without prejudice.**

11  　　　IT IS SO ORDERED.

12

13  DATED:　__April 24, 2012_____

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28