IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDJUAN C. SCOTT,

    Plaintiff,

  vs.

DEPUTY COUNTY, et al.,

    Defendants.

No. C 11-04728 YGR (PR)

**ORDER GRANTING PLAINTIFF AN EXTENSION OF TIME TO RESPOND TO COURT'S APRIL 24, 2012 ORDER; AND ADDRESSING HIS OTHER PENDING REQUESTS**

## **BACKGROUND**

Plaintiff filed the present *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging various constitutional violations that occurred in 2010.

In an Order dated April 24, 2012, the Court reviewed the complaint and found that Plaintiff stated a cognizable claim for deliberate indifference to serious medical needs against Defendants Contra Costa County Sheriff's Deputy County and Sergeant Haynes. The Court served the aforementioned Defendants with the complaint and directed them to abide by the briefing schedule in that Order. The Court also noted that Plaintiff raised other claims in his complaint, including:

> (1) false reports made by Deputy T. Harris from the West County Detention Facility, which led to a disciplinary violation filed against Plaintiff on November 26, 2010; (2) an "inappropriate" search of Plaintiff on December 30, 2010 by Defendant Mayette, after which Defendant Mayette and Deputy Lopes proceeded to attack Plaintiff using excessive force and then failed to offer him medical treatment for his injuries; (3) wrongful placement in administrative segregation for thirteen months stemming from Plaintiff being "targeted" and "harassed" for being arrested on charges of "attempted murder on officers"; and (4) verbal threats, mail tampering, and retaliation by Deputy Dawson against Plaintiff for filing a grievance against him on November 10, 2010.

(Apr. 24, 2012 Order at 3.) However, the Court further noted that in the section of the complaint labeled, "Exhaustion of Administrative Remedies," Plaintiff only referred to the exhaustion of his deliberate indifference claim. Because Plaintiff did not indicate that he exhausted his administrative remedies as to the other claims in his complaint, the Court directed Plaintiff to show cause why the

aforementioned claims should not be dismissed for failure to exhaust his administrative remedies prior to filing this action and raising these claims. The Court directed Plaintiff to file a written response to the order to show cause within thirty days and cautioned that the failure to comply within the deadline provided would result in the dismissal of his other claims (not including his deliberate indifference claim against Defendants County and Haynes) without prejudice.

**DISCUSSION**

Before the Court is Plaintiff's motion entitled, "Motion of Notary." Plaintiff's motion is hard to decipher, and he also refers to his other pending civil rights action before the Honorable Lucy H, Koh, Case no. C 09-0720 LHK (PR).

**I.   Motion for an Extension of Time to Respond to the Court's April 24, 2012 Order**

First, from what the Court can decipher, Plaintiff is asking for a "continuance" to respond to the Court's April 24, 2012 Order in the present case, which will be construed as a motion for an extension of time to file a written response to the order to show cause. This request is GRANTED. The deadline for Plaintiff to file a written response to the order to show cause is extended up to and including **August 13, 2012.**

**II.   "Request for Production and Motion to Compel"**

Plaintiff also, without further explanation, asks in a conclusory fashion for "the request for production and motion to compel served to listed entities involving both complaints to compel Deputy County M.D.F. to respond in accordance to the latest order of 4/24/12." (Pl.'s Mot. at 1.) The Court notes that no such "request for production and motion to compel" has been filed in this action.[1] Therefore, this request is DENIED. The Court instructs Plaintiff that discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery. For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly

---

[1] In the Court's electronic database, the instant motion was labeled as his "Motion to Compel Resources" by the Clerk of the Court when it was filed. However, upon further review, the Court has determined it is not in fact a motion to compel. The Court directs the Clerk to docket this motion as Plaintiff has entitled it, "Motion of Notary."

2

to Defendants' counsel. *See* Fed. R. Civ. P. 33-34. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).

If Plaintiff intends to file a motion to compel, the Court further explains the procedure that must be followed before such a motion is filed. It is not an effective or appropriate use of the Court's limited resources for it to oversee all aspects of discovery. Thus, before filing a motion to compel, the moving party must first attempt to resolve the dispute informally with the opposing party. It is only when the parties are unable to resolve the dispute after making a good faith effort to do so should they seek the Court's intervention. *See* Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local Rule 37-1. Because Plaintiff is incarcerated, he is not required to meet and confer with Defendants *in person.* Rather, if Plaintiff's discovery requests are denied and he intends to pursue a motion to compel, he need only send a letter to Defendants to that effect, offering them one last opportunity to provide him the sought-after information. The letter should state the specific discovery he seeks, and state the reasons that Plaintiff believes he is entitled to such discovery.

### III. **Plaintiff's Remaining Requests**

Plaintiff also asks for "all documents involving [him] as the plaintiff from both complaints." (Pl.'s Mot. at 2.) Finally, he asks for "this notice to be transferred to its correct district court judge due to [his] indigent hardship of mailing," (*id.*), which the Court construes as a request to file the present motion in his other pending case, Case no. C 09-0720 LHK (PR).

The Court directs the Clerk to send Plaintiff a copy of his original complaint (docket no. 1) with his copy of this Order. The Court also directs the Clerk to enclose a form for Plaintiff to request any additional copies from the Clerk and make payment for such copies. Thus, the portion of Plaintiff's motion requesting "documents" is GRANTED in part as to a copy of the original

3

complaint in this action. Plaintiff may submit the enclosed form requesting copies and make payment for any additional documents to the Clerk. Once payment is received the Clerk will send plaintiff a copy of the documents he requests.

Plaintiff's request to file the present motion (docket no. 12) in his other pending case, Case no. C 09-0720 LHK (PR) is also GRANTED, as directed below.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's request for a "continuance" to respond to the Court's April 24, 2012 Order in the present case, which has been construed as a motion for an extension of time to file a written response to the order to show cause is GRANTED. The deadline for Plaintiff to file a written response to the order to show cause is extended up to and including **August 13, 2012. No further extensions will be granted absent extraordinary circumstances. Failure to comply with this Order within the deadline provided will result in the dismissal of his other claims (not including his deliberate indifference claim against Defendants County and Haynes) without prejudice.**

2. The portion of Plaintiff's pending motion dealing with "the request for production and motion to compel served to listed entities involving both complaints to compel Deputy County M.D.F. to respond in accordance to the latest order of 4/24/12" is DENIED because no such "request for production and motion to compel" has been filed in this action. The Clerk is directed to correct the Court's electronic database and to docket the pending motion (docket no. 12) as Plaintiff has entitled it, "Motion of Notary."

3. The portion of Plaintiff's motion requesting "documents" is GRANTED in part as to a copy of the original complaint in this action. The Clerk shall send Plaintiff a copy of the original complaint (docket no. 1) with his copy of this Order. The Clerk shall also enclose a form for Plaintiff to request any additional copies and make payment for such copies.

4. The portion of Plaintiff's motion requesting to file the present motion (docket no. 12) in his other pending case, Case no. C 09-0720 LHK (PR) is GRANTED. The Clerk shall file this motion and docket it as "Motion of Notary" in Case no. C 09-0720 LHK (PR). The Clerk shall also

4

docket this motion as filed on May 17, 2012, the date it was filed in the instant action.

      5.      This Order terminates Docket no. 12.

IT IS SO ORDERED.

DATED: July 17, 2012

**YVONNE GONZALEZ-ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**