IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDJUAN C. SCOTT,<br><br>  Plaintiff,<br><br> vs.<br><br>DEPUTY COUNTY, et al.,<br><br>  Defendants. | No. C 11-04728 YGR (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE OVERDUE DOCUMENTS** |

Plaintiff requests the appointment of counsel to represent him in this action.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of

these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  *See id.*

The Court finds that exceptional circumstances entitling Plaintiff to court appointed counsel do not exist.  The likelihood of Plaintiff's success on the merits cannot be ascertained at this point in the proceedings, and the legal issues are not complex.  Accordingly, the request for appointment of counsel is DENIED without prejudice.

Plaintiff's opposition to Defendants' motion to dismiss and his written response to the Court's April 24, 2012 Order to Show Cause are presently overdue.  The Court GRANTS Plaintiff an extension of time in which to file the aforementioned documents.  The time in which Plaintiff may file his opposition to Defendants' motion to dismiss and his written response to the order to show cause will be extended up to and including **twenty-eight (28) days** from the date of this Order.

If Defendants wish to file a reply brief, they shall do so no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

This Order terminates Docket no. 25.

IT IS SO ORDERED.

DATED:  January 16, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**