IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDJUAN C. SCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT OF MARTINEZ DETENTION FACILITY, et al.,<br><br>    Defendants.<br>_____ / | No. C 11-4728 YGR (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS MEDICAL CARE CLAIM FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND DISMISSING ALL OTHER CLAIMS WITHOUT PREJUDICE**<br><br>(Docket No. 19) |

**INTRODUCTION**

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983, alleging the violation of his constitutional rights when he was incarcerated as a pre-trial detainee at the Martinez Detention Facility ("MDF") in Contra Costa County in 2010.[1]

By Order filed April 24, 2012, the Court found that Plaintiff's allegations of inadequate medical care by MDF staff for a shoulder injury he suffered in September 2010 stated a cognizable claim for deliberate indifference to his serious medical needs. (Docket No. 7 at 2:27-3:4.) The Court ordered the complaint served on Defendants and directed them to respond to that claim. With respect to Plaintiff's other claims, the Court ordered him to show cause why those claims should not be dismissed for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a). (*Id.* at 4:10-15.)

Before the Court is Defendants' motion to dismiss ("MTD") Plaintiff's claim of deliberate indifference to his serious medical needs for failure to exhaust his administrative remedies. Although the Court informed Plaintiff of his option to file an opposition to the MTD, and granted

---

[1] Plaintiff was incarcerated at MDF when he filed the instant action, but listed his return address as 2857 16th Street, San Pablo, California. (Docket No. 1.) In his most recent correspondence with the Court, Plaintiff states he is incarcerated at San Quentin State Prison. (Docket No. 25.) Throughout the course of these proceedings, the Court has sent all correspondence to Plaintiff at the San Pablo address. No piece of mail addressed to Plaintiff at that address has been returned to the Court as undeliverable, and Plaintiff has responded to all court orders sent to him there. (Docket Nos. 7, 12, 16, 25.)

both of his requests for extensions of time to do so, Plaintiff has not opposed the motion. Neither has he responded to the order to show cause why his other claims should not be dismissed as unexhausted.

For the reasons discussed below, the Court GRANTS Defendants' motion to dismiss Plaintiff's medical care claim, and DISMISSES the remainder of the claims without prejudice to Plaintiff's filing a new and separate action raising those claims.

## **DISCUSSION**

### **I.  Motion to Dismiss**

#### **A.  Legal Standard**

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006)

The PLRA requires "proper exhaustion" of administrative remedies. *Id.* at 93. To meet this exacting standard, prisoners must not only lodge a formal complaint, but also pursue it through each stage of the administrative process in "compliance with an agency's deadlines and other critical procedural rules" as a precondition to bringing suit in federal court. *Id.* at 90. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* A prisoner must exhaust even when the remedy he seeks is unavailable through the grievance process, *id.* at 85-86, and the administrative process may not be "plain, speedy and effective." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). A complaint must be dismissed if the prisoner did not exhaust all availa ble administrative remedies before the suit was filed. *Booth v. Churner*, 532 U.S. 731, 738 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Nonexhaustion under § 1997e(a) is an affirmative defense that must be raised and proved by a defendant in an unenumerated motion to dismiss brought under Federal Rule of Civil Procedure 12(b). *Jones v. Bock*, 549 U.S. 199, 217-18 (2007); *Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding such a motion, the court may look beyond the pleadings and decide disputed

2

issues of fact. *Id.* at 1119-20. As there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005).

**B.	Factual Background**

Plaintiff alleges that he dislocated his left shoulder while exercising at MDF on September 24, 2010. (Compl. at 10:3-9.) He claims that Contra Costa County Sheriff's Office employees Deputy County and Sergeant Haynes refused to notify MDF medical staff after he complained of his shoulder injury, thereby violating his Constitutional rights under the Eight Amendment. (Compl. at 5:1-5.)

**C.	Administrative Appeals**

　　**1.	County Jail Procedures**

In support of their motion to dismiss Plaintiff's medical care claim for failure exhaust administrative remedies, Defendants have submitted the declaration of Contra Costa County Sheriff's Department Lieutenant Steve Evans, who previously was assigned to the Custody Services Bureau ("CSB") and was responsible for reviewing Contra Costa County Sheriff's Department policies and procedures. (Decl. Steve Evans Supp. Defs.' Mot. Dismiss ("Evans Decl.") ¶¶ 2-4.) The CSB maintains a policy and procedure manual that applies to all the County detention facilities ("Manual"). (Evans Decl. ¶ 5.) These policies and procedures address the requirements that inmates must follow in order to properly submit and appeal grievances, including grievances regarding medical care. (*Id.*)

Specifically, inmates must first make an "informal" verbal grievance, and then a "formal" written grievance on an inmate request form. (Evans Decl. ¶ 6 & Ex. A § II(A), (B).) The formal written grievance must be made within forty-eight hours after the incident or condition that is the subject of the complaint. (*Id.* Ex. A § II(B)(1).) The formal grievance is reviewed by a deputy and, if the deputy cannot resolve the grievance, it is forwarded to either the appropriate staff member or to a supervisor. (*Id.* Ex. A § II (B)(4).) The response to the formal grievance may be appealed in writing within five days to the Facility Commander. (*Id.* Ex. A § (II)(B)(9); Ex. B

3

§ I(A)(1).**)** The Facility Commander or a designee must respond to the grievance within five days. (*Id.* Ex. B § I(A)(2)(c).) The Facility Commander's response may then be appealed through the "detention division chain of command." (*Id.* ¶ 7.)

At the time Plaintiff was incarcerated at MDF, the discrete steps in the chain of command were: Level 1 (Informal Grievance to a deputy); Level 2 (Formal Grievance to a deputy); Level 3 (Appeal to the Facility Commander or his designee); Level 4 (Appeal to MDF Facility Captain); Level 5 (Appeal to the Detention Division Captain); and, finally, Level 6 (Appeal to the CSB Commander). (Evans Decl. ¶¶ 5, 7.) An inmate must proceed up the chain of command through each of the six discrete levels of appeal – and do so in the proper order – to completely and properly exhaust his administrative remedies. (*Id.*) During the pendency of Plaintiff's medical grievance and appeal process, the Detention Division Captain was Will Duke, and the CSB Commander was Matt Schuler. (*Id.* ¶ 8.)

All inmates are shown a video and given an orientation describing the policies and procedures for filing administrative grievances each time they are booked into custody at any Contra Costa County Jail facility. (Evans Decl. ¶ 9.) A written manual explaining these procedures is available on all housing units, and all jail staff members are available to explain the procedures to the inmates. (*Id.* ¶ 10.) In his complaint, Plaintiff acknowledges his awareness of the "Inmate Grievance Procedure" and cites specific sections thereof. (*See* Compl. at 13:13-17.) He also acknowledges that the inmate grievance process provides jail inmates with the "opportunity to be hear[d]." (Compl. at 16:14-19.)

### 2. **Plaintiff's Greivances**

All inmate grievances are stored in an inmate's booking file. (Evans Decl. ¶ 7 & Ex. B § II(A)(2)(g).) Defendants have submitted evidence that a search of Plaintiff's jail records does not produce evidence that he properly submitted his medical care grievance to all levels of review before filing the instant action. Specifically, Plaintiff never submitted a written appeal to the Detention Division Captain, Will Duke (Level 5), or the CSB Commander, Matt Schuler (Level 6). *Id.* ¶ 12. Additionally, Plaintiff failed to follow the chain of command in the required order, i.e., from Level 1 through Level 6, because he unsuccessfully attempted to submit his Level 2 grievance directly to

CSB Commander Schuler, rather than to a deputy in his housing unit. (*Id.*)

Plaintiff has not opposed Defendants' motion to dismiss his medical care claim as unexhausted and his complaint does not include evidence that shows he properly exhausted this claim through the administrative grievance process. Consequently, the Court finds Defendants have satisfied their burden of raising and proving the absence of exhaustion because additional remedies remained available to Plaintiff to pursue. *Jones*, 549 U.S. at 215-17. Accordingly, the motion to dismiss Plaintiff's medical care claim as unexhausted is GRANTED.

## II. **Plaintiff's Remaining Claims**

As noted, in addition to his medical care claim Plaintiff raised other claims in his complaint, specifically: (1) alleged false reports made by Deputy T. Harris from the West County Detention Facility, which led to a disciplinary violation being filed against Plaintiff on November 26 , 2010; (2) an "inappropriate" search of Plaintiff on December 30, 2010, by Defendant Mayette, after which Mayette and Deputy Lopes proceeded to attack Plaintiff using excessive force and then failed to offer him medical treatment for his injuries; (3) Plaintiff's wrongful placement in administrative segregation for thirteen months as a result of being "targeted" and "harassed" for his arrest on charges of "attempted murder on officers"; and (4) verbal threats, mail tampering and retaliation against Plaintiff by Deputy Dawson because Plaintiff filed a grievance against Dawson on November 10, 2010.

In the initial order screening the complaint, the Court found as follows with respect to these claims:

> [I]n the section of the complaint labeled, "Exhaustion of Administrative Remedies," Plaintiff only refers to the exhaustion of his deliberate indifference [to serious medical needs] claim. He does not indicate that he exhausted his administrative remedies as to the other claims in his complaint. Thus, the Court directs Plaintiff to show cause why the aforementioned claims should not be dismissed for failure to exhaust his administrative remedies prior to filing this action and raising these claims.

(Docket No. 7 at 3:14-19.)

Specifically, the Court advised Plaintiff as follows:

> Plaintiff is directed to show cause why his other claims (listed above in Discussion Section III) should not be dismissed for failure to exhaust his administrative remedies prior to filing this action. Plaintiff shall file a written response to the order to show cause no later than **thirty (30) days** of the date this Order is filed. **Failure to comply with this**

**Order within the deadline provided will result in the dismissal of his other claims (not including his deliberate indifference claim against Defendants County and Haynes) without prejudice.**

(*Id.* at 7:5-10.)

Although Plaintiff has been granted two extensions of time to respond to Defendants' motion to dismiss and to the Court's Order to Show Cause, he has failed to do so. Accordingly, Plaintiff's remaining claims are DISMISSED without prejudice, for failure to prosecute.[2]

## CONCLUSION

For the reasons discussed above, the Court orders as follows:

1. Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies with respect to Plaintiff's medical care claim is GRANTED. (Docket No. 19). This claim is DISMISSED without prejudice to refiling if Plaintiff can show that he exhausted administrative remedies as to this claim or that he is excused from so doing.

2. Plaintiff's remaining claims are DISMISSED for failure to prosecute. The dismissal of these claims is without prejudice to refiling if Plaintiff can show that he exhausted administrative remedies as to these claims or is excused from so doing.

3. The Clerk of the Court shall terminate all pending motions, enter judgment and close the file.

4. This Order terminates Docket No. 19.

IT IS SO ORDERED.

DATED: July 1, 2013

_____
**Yvonne Gonzalez Rogers
United States District Court Judge**

---

[2] When and if Plaintiff is prepared to pursue his claims, he may file a new civil rights action. The limitations period to file a § 1983 action in California is two years, but it is tolled for up to two years during a continuous period of incarceration. *See Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) (holding, pursuant to Cal. Civ. Proc. Code § 340(3), that the limitations period for filing a § 1983 action in California is one year); S.B. 688 (amending Cal. Civ. Proc. Code § 340(3) and adding § 335.1 to establish two-year residual limitations period for personal injury actions); Cal. Civ. Proc. Code § 352.1(a) (providing for an additional two years of tolling during a period of continual imprisonment).